UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-174-R

DAVID OAKES                                                                                          PLAINTIFF

v.

ALLSTATE INSURANCE COMPANY                                                      DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on motion to remand (Dkt. # 5) of Plaintiff David Oakes. Defendant Allstate Insurance Company ("Allstate") responded (Dkt. # 6), and this matter is now ripe for adjudication. For the reasons that follow, the Court **DENIES** Plaintiff's motion to remand.

### BACKGROUND

Plaintiff David Oakes initially filed this personal injury claim arising out of a car accident in McCracken Circuit Court on or about August 31, 2004. Plaintiff's complaint sought compensation from Defendant Patrick Hook, driver of the other automobile, as well as no-fault and under-insured motorist ("UIM") benefits from Allstate. On July 29, 2005, Allstate waived its subrogation rights against Mr. Hook. (Attachment # 2 to Dkt. # 1, Notice of Removal). On August 8, 2005, Mr. Oakes voluntarily signed a "Full Release of All Claims" against Mr. Hook, in exchange for compensation from Mr. Hook's insurance company. (Attachment # 1 to Dkt. # 1). On August 30, 2005, Allstate Insurance Company filed a Notice of Removal (Dkt. # 1). In so doing, Allstate invoked this Court's diversity jurisdiction, granted by 28 U.S.C. § 1332. On September 2, 2005, the McCracken Circuit Court entered an Agreed Order of Dismissal (signed

September 1, 2005), which stated that "any and all claims which plaintiff David Oakes had, or may have, against defendant Patrick Hook are DISMISSED with prejudice" and that "any and all claims which Allstate Insurance Company had, or may have, against defendant Patrick Hook are DISMISSED with prejudice." (Attachment # 1 to Allstate's Response to Motion to Remand, Dkt. # 6). Plaintiff now seeks remand to McCracken Circuit Court.

## DISCUSSION

Mr. Oakes challenges Allstate's assertion of diversity jurisdiction on several grounds. First, he argues, the availability of diversity jurisdiction may only be assessed at the time of the filing of the complaint, and at that time there was not complete diversity, since both he and Mr. Hook are Kentucky citizens. Second, he argues, removal is improper because the McCracken Circuit Court did not enter the order dismissing Mr. Hook until after the one-year statute of limitations for removal provided by 28 U.S.C. § 1447 had run. Finally, Mr. Oakes states that he "intends to name additional Kentucky defendants" in the future. None of these arguments, however, entitle Mr. Oakes to remand.

As to the first argument, the Federal Rules of Civil Procedure are clear that, in some circumstances, removal is proper even where the case was not initially removable. 28 U.S.C. § 1446 provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This case was removed within 1 year of its commencement. Therefore, the question is whether the notice of removal was filed within thirty days of receipt by Allstate of "other paper from

which it may first be ascertained" that the case became removable. In *Peters v. Lincoln Elec. Co.*, the Sixth Circuit Court of Appeals held that a "plaintiff's responses to deposition questioning may constitute an 'other paper' under" § 1446(b) where those responses first indicated that Plaintiff's claim was governed by ERISA. 285 F.3d 456 (6th Cir. 2002). In so holding, the *Peters* court said that "[t]he intent of §1446(b) is to 'make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists.'" (285 F.3d 456, 466) (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (quoting WRIGHT, MILLER ET AL., *Federal Practice and Procedure,* § 3732 at 306 (3d ed.1998)). The *Huffman* court also noted that "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff." *Id.* See also *Saylor v. General Motors Corp.*, 416 F.Supp. 1173, 1175 (E.D. Ky. 1976).

In the case at bar, Mr. Oakes's execution of the "Full Release of All Claims" constituted such an act. That he did not file the notice of dismissal with the McCracken County Court until after the one-year deadline ran does not change the fact that the act was voluntary and that the release was binding on him as of the date he signed it. At that point, the case became removable because Mr. Oakes no longer had a claim against a non-diverse party, and Allstate filed its notice of removal properly within 30 days of that time. To allow a plaintiff who has voluntarily signed a binding agreement creating diversity jurisdiction to prevent a defendant from removing the case simply by failing to file the order of dismissal until after the statutory time period has elapsed would defeat the intent of § 1446(b).

Finally, as to Plaintiff's argument that diversity jurisdiction might cease to exist in the future: in light of the fact that Mr. Oakes has not specified the Kentucky defendants he "intends"

to name, much less filed a motion to amend his complaint seeking to do so, the Court cannot see how this intent bears upon the motion for remand.

## CONCLUSION

For the reasons outlined above, the Court **DENIES** Plaintiff's motion to remand.

An appropriate order shall issue.