UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
**CIVIL ACTION NO. 5:05-CV-00174-R**

DAVID OAKES                                                                                              PLAINTIFF

VS.                                              **MEMORANDUM OPINION**

ALLSTATE INSURANCE COMPANY                                                 DEFENDANT

Defendant Allstate Insurance Company ("Allstate") has moved for partial summary judgment (Dkt. # 15). Plaintiff David Oakes filed a cross motion for summary judgment (Dkt. # 24) and responded to Defendant's motion (Dkt. # 22). Allstate replied (Dkt. # 26), and the matter is now ripe for decision. At issue is the amount of weekly coverage available to Plaintiff for work loss.

Plaintiff was injured in an automobile accident on September 6, 2002. He has settled all claims against the tort feasor and the tort feasor's insurer. Allstate insured Plaintiff's vehicle involved in the accident. The coverage included uninsured motorist limits of $300,000, med pay limits of $100,000, and basic reparation benefits of $10,000. In addition, Plaintiff owned two other vehicles also insured by Allstate. The coverage on each vehicle had additional reparation benefits of $40,000 on each vehicle.

The parties agree that plaintiff is entitled to stack his added reparation benefits, making a total basic and added reparation limit of $90,000. Defendant argues that Plaintiff's work loss is limited to $200 per week. Plaintiff argues the limit does not apply. The Court is uncertain as to whether Plaintiff argues there is no limit on the weekly benefit or it must be at least $600 per week. In either event, it is clear that Plaintiff argues that it is more than $200 per week.

KRS. §304.39-130 provides

> Basic reparation benefits payable for work loss, survivor's economic loss, replacement services loss, and survivor's replacement services loss arising from injury to one (1) person and attributable to the calendar week during which the accident causing injury occurs and to each calendar week thereafter may not exceed two hundred dollars ($200), prorated for any lesser period. If the injured person's earnings or work are seasonal or irregular, the weekly limit shall be equitably adjusted or apportioned on an annual basis.

Both parties agree that the policy states: "We won't pay more than a combined total of $200 per week for work loss, replacement service loss, survivor's economic loss and survivor's replacement services loss."

Defendant argues that KRS § 304.39-130 states that work loss may not exceed $200 per week. Likewise, the policy also incorporates such a limit. Defendant further agues that while the Motor Vehicle Reparations Act (KRS. 39.010 et. seq.) may allow for optional additional benefits, it also specifically provides for restrictions.

KRS § 304.39-140 (2) provides

> (2) Each basic reparation obligor shall be permitted to incorporate in added reparation benefits coverage such terms, conditions and exclusions as may be consistent with premiums charged. The amounts payable under added reparation benefits may be duplicative of benefits received from collateral source benefits, or may provide for reasonable waiting periods, deductibles or coinsurance provision. The added reparation obligor shall be subrogated, subject to KRS 304.39-070 and 304.39-300, to the injured person's right of recovery against any responsible third party.

Likewise, *Stevenson v. Anthem Casualty Insurance Group*, Ky., 15 S.W.3d 720, 724 (1999) states

> BRB's [basic reparations benefits] and "ARB's [added reparations benefits] are separate and distinct coverages, and whereas BRB coverage is untouchable, ARB coverage is subject to exclusions.

Defendant concludes the clear policy limitations of $200 per week for work loss should be enforced.

Plaintiff argues that *State Farm Mutual Automobile Insurance Co. v. Mattox*, Ky., 862 S.W.2d 325, 326 (1993) controls the outcome of this case. While acknowledging the policy

language, Plaintiff argues it does not "eliminate or affect in any way," Plaintiff's expectations that he is entitled to receive the agreed upon benefits under each part of the policy for which he paid a separate premium.

It is clear that *State Farm v. Mattox* does control one part of the case. That case establishes that Plaintiff is entitled to stack his added reparation benefits. That increased Plaintiff's total no fault limits for all losses to a total of $90,000.

The Court does not believe that *Maddox* held that stacking multiple policies would increase the work loss weekly benefits above the $200 per week limit.

The policy states: "We won't pay more than a combined total of $200 per week for work loss, replacement services loss, survivors economic loss and survivors replacement service loss." It could not be clearer. While *Maddox* allows stacking and increases the no fault limits to an aggregate of $90,000, it does not increase the work loss weekly limits above $200. It does allow Plaintiff to cover those benefits for a longer period of time because the aggregate limits are increased. Kentucky law allows Defendant to place such a restriction in its policy. However, the policy is clear that Plaintiff's work loss is limited to $200 per week. The Court finds Defendant's argument persuasive.

An appropriate order shall issue.

cc:    Counsel